Cook *vs.* Carr & Wife.

---

(Decided Dec. 15th, 1863.)

---

G. W. COOK *vs.* HENRY CARR AND VIRGINIA HIS WIFE.

ORPHANS' COURT: LIMITATIONS.—An issue from the Orphans' Court in the na ure of a plea of limitations, simply "whether the indebtedness accrued within three years," without saying before a certain day or in what manner the period of three years is to be computed, is objectionable cn the ground of uncertainty.

Such an issue if found for the defendant, could only have served him as a foundation for the plea of limitations; and where such issue was supplemental to issues sent up several months before, and in the interim the limit within which limitations could be pleaded under the rules of the Superior Court had passed, it was held that the defendant was barred by lapse of time from thus making that defence.

ORPHANS' COURT—PRACTICE IN —The Orphans' Court had no power to transmit an issue, which would have the effect of modifying issues previously sent up.

APPEAL from the Orphans' Court of Baltimore City :

This is an appeal from the order of the Orphans' Court

of Baltimore City, refusing to transmit to the Superior Court of Baltimore City; for trial, a third issue in addition to those referred to in the preceding case, viz: whether the indebtedness of the appellant, if he should be found to be so indebted, accrued within three years.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*B. C. Barroll*, for the appellant:

1. A greater fraud could not be perpetrated upon a party than might arise from the action of the Orphans' Court in this case. To allow one party to send what issues he pleases, and to deny to the other party the issues involving his defence, is monstrous injustice.

2. The Code expressly provides that either party may have issues made up and sent, and the Courts have so decided. Code, title Test. Law, secs. 239, 240, 249. 1798, ch. 101, sub-ch. 8, sec. 20. Also 15 sub-ch. sec. 17. *Barroll, et al., vs. Reading*, 6 *H. & J.*, 175. *Barroll vs. Connell*, 4 *Md. Rep.*, 392. *Pegg vs. Warford*, 4 *Md. Rep.*, 385.

3. The sending of issues by the Orphans' Court is matter of obligation not discretion.

*E. Otis Hinkley* and *Thos. J. Morris*, for the appellees, argued:

1. That the issue tendered was not a proper one, because it is simply "whether the indebtedness accrued within three years;" without saying before what day or in what manner the period of three years is to be computed.

2. The plea of limitations is not admissible in respect to time subsequent to the death of the intestate, or at least for the time intervening between the debt of the intestate and the rendition of his first account, because until an account is rendered, it cannot be known whether the administrator intends to charge himself as a debtor to the estate or not.

3. But the issues sent out in this case had not been returned, and no new issue could be sent until those already sent had been returned. *Pegg vs. Warford,* 4 *Md. Rep.,* 395.

4. The sending of new issues to a jury to enable the Orphans' Court to determine matters involved in the same petition, is a matter in their discretion. *Bowling vs. Lamar,* 1 *Gill,* 359. And in this case in the exercise of a sound discretion the Orphans' Court did not err in dismissing the petition for a third issue in the nature of a plea of limitations. 1 *Ch. Pl.,* 560. *Ellicott vs. Eustice,* 6 *Md. Rep* , 508.

5. The appellant having in his answer "admitted the right to send an issue *as prayed,*" and said distinctly that he "interposed no objection thereto," he thereby assented to the sending of the very issues prayed for, and set out *verbatim* in the petition, and which were accordingly sent; and he waived the right, if he had any, to have an issue in the nature of a plea of limitations sent.

6. But supposing the form of his answer *to be* immaterial, the defendant did not in fact, at that time, *tender* the issue of limitations or any issue at all, and if not then tendered, that issue could not be sent at all.

If the debtor makes the issue of limitations, the creditor has a right to have it modified or qualified by issues, as to any admission or promise within time to sustain the claim, as well as all the issues or questions concerning the indebtedness; thus the whole case ought to be submitted at once. *Pegg vs. Warford,* 4 *Md. Rep.,* 392.

The plea of limitations is not favored in the law, an executor is not bound to make it against a creditor. Code, 639. And it cannot be pleaded after the rule day. To allow it then to be pleaded as in this case, three months after the main issue is sent to a jury, ought not to be allowed. *Nelson vs. Bond,* 1 *Gill,* 218. The statute of limitations is not applicable to the claim of an administrator against his intestate, and by parity of reasoning we say does not apply and cannot be pleaded where the administrator is the debtor.

7. But can the issue of limitations be made at all in the Orphans' Court in the manner proposed by a direct issue or question sent to a jury, designed as a plea of the statute? *Yingling vs. Hesson*, 16 *Md. Rep.*, 120. *Brown vs. Stewart*, 4 *Md. Ch. Dec.*, 368. *Spencer vs. Spencer*, 4 *Md. Ch. Dec.*, 456.

COCHRAN, J., delivered the opinion of this Court:

It appears from this record, that the appellant, some five months after issues as to his indebtedness to the estate of Sarah A. Weigart had been framed in the Orphans' Court, with his consent, and transmitted to the Superior Court, prayed that another issue might be made up and sent for trial with the issues then pending, which the Orphans' Court refused. The question submitted for the finding of the jury by the issues transmitted was, 1st, whether the appellant was indebted to the estate of Sarah A. Weigart; and if so, 2nd, to what amount; and that proposed by the issue prayed and refused was, if he should be found to be so indebted, whether the indebtedness accrued within three years.

The plea of limitations is not usually regarded with favor, and we infer, by way of analogy from the strict rules applying to that defence in cases at law, that it was too late for the appellant to resort to that defence under the circumstances shown in this case. Waiving all objection to the issue proposed, on the ground of uncertainty as to the time from which to compute the period of three years, the finding of the jury upon it could have served him only as a foundation for that plea, and as a period of several months had passed from the time the issues then pending were framed upon his answer to the appellees' petition, we must hold that he was barred by lapse of time from making that defence. But without regard to this consideration, the issue prayed was evidently intended to modify those previously transmitted, and as we have already said in the appeal from the rulings of the Superior Court in the

trial of these issues,. the Orphans' Court had no power, at that time, to transmit an issue that would produce that result.

In our opinion the issue prayed was properly refused, and we therefore affirm the order of the Court with costs to the appellees.

*Order affirmed with costs to appellees.*

(Decided Dec. 15th, 1863.)